# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1354
_____

Justin Thomas Morales,

*Plaintiff - Appellant*,

v.

United States of America,

*Respondent - Appellee*.

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: March 20, 2026
Filed: August 10, 2026

_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

COLLOTON, Chief Judge.

Justin Morales was convicted of conspiracy to distribute methamphetamine in 2018. *See* 21 U.S.C. §§ 841(a)(1), 846. At sentencing, the district court[*] applied an increased punishment under 21 U.S.C. § 841(b)(1)(A) (2010), because Morales had

_____

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

sustained a prior conviction for a "felony drug offense" in Kansas in 2003. Morales later moved to vacate his sentence under 28 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel at sentencing. Morales argued that his counsel was deficient for failing to argue that his prior conviction did not qualify as a "felony drug offense." The district court denied the motion, and we affirm.

Morales was convicted in 2003 under Kan. Stat. Ann. § 65-4162(a) for possession of marijuana after a prior conviction. The district court in this federal case applied enhanced punishment on the ground that the Kansas offense constituted a prior "felony drug offense," *i.e.*, a felony offense "that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Morales observes that whether his prior offense qualified as a felony drug offense depends on a "categorical approach" to the Kansas statute. *See United States v. Wright*, 163 F.4th 469, 476 (8th Cir. 2025). Under that approach, the federal court examines only the statutory definition of the prior state offense to determine whether it falls within the definition of "felony drug offense" under federal law. *Id*. "If the state offense sweeps more broadly, or punishes more conduct than the federal definition, the conviction does not qualify as a predicate offense." *Id*.

Morales maintains that the Kansas drug statute under which he was convicted is broader than the federal definition. On that basis, he contends that his counsel in the federal criminal case was ineffective for failing to argue that his prior conviction in Kansas did not qualify as a federal drug offense. He asserts that because counsel failed to advance this position, the district court erroneously applied enhanced punishment under 21 U.S.C. § 841(b)(1)(A), and that he was prejudiced at least on the supervised release part of his sentence. *See Morales v. United States*, No. 21-2363, 2023 WL 2608009, at *2 (8th Cir. Mar. 23, 2023) (per curiam) (unpublished).

The parties agree that the Kansas statute taken as a whole is broader than the definition of "felony drug offense," because the Kansas law forbids possession of three drugs that are not included on the federal drug schedule. *See* Kan. Stat. Ann. §§ 65-4105(g), 4111(g) (2003). But if the Kansas statute is divisible, and comprises multiple, alternative elements that create different offenses, then federal courts apply the "modified categorical approach" to determine which alternative element was the basis for Morales's conviction. *Mathis v. United States*, 579 U.S. 500, 505-06 (2016). If the Kansas statute is divisible by type of drug, then Morales's conviction for possession of marijuana after a prior conviction qualifies as a "felony drug offense," because the federal definition specifically includes "conduct relating to . . . marihuana." 21 U.S.C. § 802(44).

We conclude that Morales's counsel was not ineffective because the proposed argument against enhanced punishment had no merit. The better conclusion is that the Kansas statute is divisible, so the suggested argument that Morales's prior offense in Kansas was not a felony drug offense would have failed.

This court's decision in *Rincon v. Garland*, 70 F.4th 1080, 1083 (8th Cir. 2023), is instructive. There, we analyzed Kan. Stat. Ann. § 21-5706(a), a Kansas law that criminalized the possession of "any opiates, opium, or narcotic drugs, or any stimulant designated in K.S.A. 65-4107(d)(1), (d)(3) or (f)(1), and amendments thereto, or a controlled substance analog thereof." We recited the conclusion from *State v. Thompson*, 200 P.3d 22 (Kan. 2009), that "the gravamen of the offense" was "possession of *each specified controlled substance in the statute*." 70 F.4th at 1084 (quoting *Thompson*, 200 P.3d at 30) (emphasis added in *Rincon*). Because the statute forbade possession of "any" listed drug, the Kansas court in *Thompson* reasoned that a defendant could be convicted under that statute for possession of each separate drug. That each drug type established a different unit of prosecution showed that drug type was an essential element of the offense. Because the only differentiating element between two prosecutions under § 21-5706(a) was the type of drug, the

Kansas court "implicitly told us that the identity of the substance possessed is an element" of the offense. *Id*. at 1085 (quoting *Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1182 (11th Cir. 2018)); *see State v. Housworth*, No. 115,836, 2017 WL 2834502, at *14 (Kan. Ct. App. June 30, 2017) (unpublished) ("The word 'any' generally leads Kansas courts to conclude that a statute provides for multiple units of prosecution in cases involving the possession of multiple prohibited items."); *State v. Graham*, No. 83,214, 2000 WL 36746390, at *1 (Kan. Ct. App. July 14, 2000) (per curiam) (unpublished) (holding that where statute prohibited possession of "any opiates, opium or narcotic drugs, or any stimulant," "[t]he crimes of possession of cocaine, possession of amphetamine, and possession of methamphetamine do not have the same elements.").

Morales was convicted under a textually similar statute that criminalized the possession of "[*a*]*ny* depressant . . . *any* stimulant . . . *any* hallucinogenic drug . . . *any* substance designated in subsection (g) of K.S.A. 65-4105 . . . or *any* anabolic steroids." Kan. Stat. Ann. § 65-4162(a) (2003) (emphases added). For the reasons discussed in *Rincon*, it follows that each drug type constitutes a separate unit of prosecution under § 65-4162(a), and the identity of the substance possessed is an element of the offense.

Kansas's approved jury instructions, which are "strongly recommended" for use in the Kansas courts, *State v. Dunn*, 820 P.2d 412, 416 (Kan. 1991), support this understanding. If jury instructions "use a single umbrella term" that encompasses all of the statutory alternatives, it is a clear indication that each alternative is only a possible means of commission, not an element that the prosecutor must prove beyond a reasonable doubt. *Mathis*, 579 U.S. at 519. Conversely, where jury instructions require the prosecution to prove a specific statutory alternative to exclusion of all others, each alternative listed in the statute is likely an element of the offense. *Id.*

-4-

The approved instruction for Morales's offense states that "[t]he defendant is charged with the crime of unlawfully (possessing) (controlling) *insert name of stimulant, depressant, hallucinogenic drug, controlled substance, or anabolic steroid*," and to establish this charge, the prosecution must prove that the "defendant (possessed) (had under [his][her] control) *insert name of stimulant, depressant, hallucinogenic drug, controlled substance, or anabolic steroid*." PIK Crim. 3d 67.16 (2003 Supp.). That the jury should be instructed to determine whether the defendant possessed a particular drug such as marijuana tends to confirm that drug type is an element of the offense. *See Rincon*, 70 F.4th at 1085.

Morales contends that *State v. Stotts*, No. 101,828, 2011 WL 6382737 (Kan. Ct. App. Dec. 16, 2011) (unpublished), suggests the opposite conclusion, but *Stotts* involved a different statute with materially different text. There, a statute prohibited the possession with intent to use "any drug paraphernalia" to introduce "a controlled substance" into the human body. Kan. Stat. Ann. § 65-4152(a)(2) (2006). The trial court did not specify a particular controlled substance in the jury instruction, and the court of appeals wrote that "it can't be said that identifying the substance as marijuana was an essential element of the crime." *Stotts*, 2011 WL 6382737, at *9. But the statute in *Stotts* prohibited the possession of "any drug paraphernalia," and a separate element required proof that the paraphernalia would be used to ingest a controlled substance. The statute's reference to ingestion of "a controlled substance" in that context is not analogous to the prohibitions on possession of "any" controlled substance at issue in *Rincon* and in this case.

Because identity of the controlled substance is an element of the Kansas statute under which Morales was convicted, the district court properly concluded that he sustained a prior conviction for a "felony drug offense," and his counsel was not ineffective for declining to argue the contrary. Even if we might be incorrect in our understanding of Kansas law, moreover, the law certainly was not settled in favor of Morales's current position. Given the absence of precedent holding that the Kansas

-5-

statute was indivisible, and the suggestions in text, court decisions, and approved jury instructions that it was divisible by drug type, the performance of Morales's counsel in the federal criminal case was objectively reasonable. *Kelly v. United States*, 819 F.3d 1044, 1050-51 (8th Cir. 2016); *Anderson v. United States*, 393 F.3d 749, 754-55 (8th Cir. 2005).

The judgment of the district court is affirmed.

_____